01
02
03
04
05
06                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
07                                         AT SEATTLE

08   PAUL SIMONDS,                              )   CASE NO. C07-1353-MJP
                                                )
09          Plaintiff,                          )
                                                )
10      v.                                      )   REPORT AND RECOMMENDATION
                                                )
11   NINTH CIRCUIT, et al.,                     )
                                                )
12          Defendants.                         )
     _____    )
13

14          Plaintiff Paul Simonds, appearing *pro se*, recently filed an application to proceed *in forma*

15   *pauperis* (IFP) and a proposed civil rights complaint. (Dkt. 1.) The complaint is unintelligible,

16   fails to clarify the specific defendants named, and fails to provide a request for relief.

17          Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP

18   and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be

19   granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.

20   1990). An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v.*

21   *Williams*, 490 U.S. 319, 325 (1989).

22          Here, plaintiff fails to allege sufficient facts to place defendants on notice of the nature of

REPORT AND RECOMMENDATION
PAGE -1

his claims or otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

Plaintiff has submitted a number of similar proposed complaints to this Court.[1] The Court once again advises plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this Court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

Because of the deficiencies in plaintiff's proposed complaint, his request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B). A proposed order of dismissal accompanies this Report and Recommendation.

DATED this 5th day of September, 2007.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Plaintiff is a prolific litigator who has filed several similar lawsuits in the past two years against various judges, attorneys, and other officers in this district. *See, e.g.*, *Simonds v. Social Sec. Admin.*, C07-741-MJP (W.D. Wash. 2007); *Simonds v. Canby* (II), C07-536-MJP (W.D. Wash. 2007); *Simonds v. Martinez*, C07-523-TSZ (W.D. Wash. 2007); *Simonds v. Donohue*, C06-1588-JLR (W.D. Wash. 2006); *Simonds v. Zilly*, C06-1385-RSL (W.D. Wash. 2006); *Simonds v. Fox* (II), C06-1384-RSM (W.D. Wash. 2006); *Simonds v. Fox* (I), C04-2473-JCC (W.D. Wash. 2005); *Simonds v. Canby* (I), C05-1887-JCC (W.D. Wash. 2005).